# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 11-6057

---

|                                   |   |                              |
|-----------------------------------|---|------------------------------|
| In re:                            | * |                              |
|                                   | * |                              |
| Steven Christopher Potts,         | * |                              |
|                                   | * |                              |
| Debtor.                           | * |                              |
|                                   | * |                              |
| Steven Christopher Potts,         | * | Appeal from the              |
|                                   | * | United States                |
| Debtor - Appellant,               | * | Bankruptcy Court for the     |
|                                   | * | Western District of Missouri |
| v.                                | * |                              |
|                                   | * |                              |
| Gary Guilford,                    | * |                              |
|                                   | * |                              |
| Creditor - Appellee.              | * |                              |

---

Submitted: April 12, 2012
Filed: April 26, 2012

---

Before KRESSEL, Chief Judge, SCHERMER and NAIL, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

The debtor, Steven Christopher Potts ("Potts"), appeals an order of the United States Bankruptcy Court for the Western District of Missouri,[1] directing that a third party, Gary Guilford ("Guilford"), receive a portion of a check made payable jointly to Guilford and Potts for rent of Potts's property.[2]  We have jurisdiction over this appeal from the final order of the bankruptcy court.  *See* 28 U.S.C. § 158(b).  For the reasons set forth below, we affirm.

## ISSUE

The issue on appeal is whether Guilford had a right to funds for rent of Potts's property when the rent check was made payable jointly to Potts and Guilford.  We hold that Guilford had an interest in the funds by virtue of a contract between Potts and Guilford and, therefore, Guilford was entitled to the portion of the funds that the bankruptcy court required Potts to remit to him.

## BACKGROUND

In 2008, Potts filed a petition for relief under Chapter 12 of Title 11 of the United States Code (the "Bankruptcy Code"), and his plan was confirmed later that year.

When Potts was unable to make certain payments to his creditors, entities formed by Guilford (the "Guilford Entities") purchased secured debt owed by Potts. Potts and Guilford entered into an April 15, 2010 agreement (the "Agreement") that required "[a]s consideration for Guilford's accommodations and the costs incurred

---

[1]     The Honorable Jerry W. Venters, United States Bankruptcy Judge for the Western District of Missouri.

[2]     The bankruptcy court's order addressed motions filed in both Potts's case and in his parents' bankruptcy case, and was entered in both cases.  The notice of appeal before us was filed only by Potts and, therefore, it concerns only the order entered in his case.  We omit any references to Pott's parents, their property or the check for rent on Potts's parents' property.

by Guilford in purchasing the debts. . . ., as well as payment of a finder's fee. . . ," Potts to execute a promissory note to Guilford for the amount of $111,800, plus interest (the "Fee"), to be secured by a deed of trust and security agreement. Payment of the Fee was to be made in "four equal annual installments consisting of principal and accrued interest, and shall be due and payable in full, with accrued interest and costs, on or before March 31, 2014." The bankruptcy court found, based on a handwritten note in the margin of the Agreement, that the annual installment payment of principal and interest due from Potts to Guilford for the Fee was $34,950.88. Potts never executed a promissory note, security agreement or deed of trust as required by the Agreement.

The Agreement provided in Paragraph 1.q., in pertinent part, that:

q.     In the event Potts . . . lease[s] any of [his] real property, the rent payment must be issued jointly to the leasing party and Guilford [and the Guilford Entities]. In the event Potts . . . [is] current in [his] obligations to Guilford [and the Guilford Entities], the leasing party shall be entitled to retain the full amount of the rent payment. In the event Potts . . . [is] not current in [his] obligations to Guilford [and the Guilford Entities], Guilford [and the Guilford Entities] shall be entitled to retain sufficient funds from the rent payment to cure the defaults, with the balance, if any, to be paid to the leasing party.

In 2010, Potts entered into a lease agreement for part of his real property with Strcue, Inc. ("Strcue"). In January 2011, Strcue issued its $54,000 annual rent check jointly to "Steve Potts & Gary Guilford, Manager."[3] The check was originally given to Guilford. Guilford gave the check to his attorney and ultimately, Guilford's attorney delivered the check to Potts's attorney.

---

[3]     The check was made payable to "Steve Potts & Gary Guilford, Manager." Potts has not argued that Guilford was anything other than a joint payee on the check.

In May 2011, Potts sold his property and paid off the secured debt that the Guilford Entities had purchased. But by May 2011, Potts had defaulted in his obligation to pay Guilford the annual installment on the Fee. In June 2011, Potts filed a motion asking the bankruptcy court to issue an order requiring Guilford to show cause why he should not be required to endorse the rent check from Strcue. In July 2011, the bankruptcy court held a hearing on Potts's motion. Neither Potts nor Guilford had endorsed the Strcue check at the time of the hearing. The bankruptcy court found that, at the time of the hearing, Potts had failed to pay Guilford the 2011 installment payment of the Fee in the amount of $34,950.88. Ultimately, the court entered an order directing Guilford to endorse the Strcue check and, with respect to division of the proceeds, it ordered that "Gary Guilford [was] to receive $34,950.88, said amount representing the March 2011 payment due under the April 15, 2010 Agreement in evidence. . . ."

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error, and its conclusions of law and conclusions regarding mixed questions of law and fact *de novo. DeBold v. Case*, 452 F.3d 756, 761 (8th Cir. 2006) (citation omitted).

## DISCUSSION

Guilford is entitled to $34,950.88 of the Strcue rent check based on the plain language of the Agreement. The issue in this case is one of state contract law, and the Agreement states that it "shall be governed by and construed in accordance with the laws of the State of Missouri." In Missouri, the intent of the parties governs interpretation of a contract and, where the contract is not ambiguous, the parties' intent is determined from the language of contract itself. *See DeBaliviere Place Ass'n v. Veal*, 337 S.W.3d 670, 676-77 (Mo. banc. 2011) (citation omitted). "The terms of a contract are read as a whole to determine the intent of the parties and are given their plain, ordinary, and usual meaning." *Dunn Indus. Group, Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 428 (Mo. banc. 2003) (per curiam) (citation omitted).

-4-

By its plain language, Paragraph 1.q. of the Agreement allows Guilford to retain funds from the Strcue rent check to cure any of Potts's defaults on his obligations to Guilford. Potts did not make the year 2011 installment payment of $34,950.88 for the Fee owed to Guilford under the Agreement and, therefore, Potts was in default of his obligations to Guilford at the time of the hearing. Guilford is a joint payee on the Strcue check and, therefore, there is no doubt that Guilford holds an interest in $34,950.88 of the funds.

Potts argues that since Guilford surrendered the Strcue check when Guilford's attorney delivered the check to Potts's attorney, Guilford is rendered an unsecured creditor. As an unsecured creditor, Potts argues, Guilford should receive only his pro rata share under Potts's Chapter 12 plan. We disagree with Potts's analysis. Whether Guilford has a perfected security interest in the Strcue check is irrelevant because Guilford is a payee, entitled to $34,950.88 under the plain language of the Agreement.

## CONCLUSION

For the reasons set forth herein, we AFFIRM the decision of the bankruptcy court.

———————————